H. S. GILLEYLEN *v.* J. A. STEWART.

REPLEVIN BY TENANT. *Verdict. Amount due. New trial. Code* 1892, § 2521.

In replevin by a tenant for property distrained for rent, there being a controversy as to the amount of rent due a general verdict for the landlord, without finding the sum due as required by § 2521, code 1892, is insufficient, and, the jury having dispersed, the case must be treated as if a mistrial had occurred.

FROM the circuit court of Monroe county.

HON. NEWNAN CAYCE, Judge.

An attachment for rent was sued out before a justice of the peace, by H. S. Gilleylen against his tenant, J. A. Stewart. The attachment was for rent not due, but to become due in monthly installments, and the ground of the attachment was

that the tenant was about to remove his effects from the leased premises, leaving the rent unpaid. Certain personal property was seized under the writ, and the tenant brought this action of replevin and gave bond for the goods.

The real controversy between the parties is as to the amount of rent to become due. Gilleylen, the landlord, averred in his affidavit and avowry that Stewart would owe him $180, as yearly rental of the premises, payable in equal monthly installments, whereas, Stewart denied that the premises were rented for a year, but admitted that he would owe the sum of $10, the rent for the current month.

On the trial in the circuit court, the jury returned the following verdict: "We, the jury, find for the defendant, H. S. Gilleylen." This was on Saturday, and the verdict was returned after adjournment of the court and delivered, by consent, to the clerk, and the jury was discharged for the term. When the court assembled the following Monday, the defendant, Gilleylen, offered to show the court, by the jurors, that they had agreed on $180 as the sum due by the tenant, and moved for judgment accordingly. This motion was overruled, and defendant excepted.

Defendant then moved for a writ of inquiry because the jury had failed to value the goods separately or as a whole, or to find the sum due defendant. This motion was likewise overruled. Defendant thereupon moved for judgment on the verdict for the goods seized, or their value as assessed by the officer. The court overruled this motion and directed a judgment to be entered for the defendant for $10 and costs, and from this judgment he appeals.

*Gilleylen & Leftwich,* for appellant.

A general verdict for defendant in replevin finds all the issues against plaintiff. Lawson on Rights, Rem. & Pr., § 3651. The court, looking to the whole case, sees what the issues were. The verdict was good, as far as it went, to say the least.

The court should either have reassembled the jury to complete its finding, or should have allowed the jurors to testify as to what their finding was on that point. *Maclin* v. *Bloom*, 54 Miss., 365. The gist of the action was the restoration of the goods. The amount of rent due was a mere incident. If there existed any doubt as to the propriety of reassembling the jurors, there can be none as to appellant's right to a writ of inquiry. *Walker* v. *Commissioners*, 1 Smed. & M., 372; *Drane* v. *Hilzeim*, 13 *Ib.*, 336; *Merrell* v. *Melchoir*, 30 Miss., 516; *Atkinson* v. *Foxworth*, 53 *Ib.*, 733; Code 1892, § 2521. The finding of the value of the goods is for the benefit of the landlord, and he can waive it if he wishes. 39 Minn., 102; 14 Wis., 601. In any event, the court was not authorized to direct a verdict, on its own motion, for ten dollars.

*George C. Paine,* on the same side.

The verdict meets the requirements of § 2521, code 1892. It settled the fact that Gilleylen's contention was correct. Had the jury intended to find for him only in part, the verdict would have limited the sum to ten dollars. There being a mere mistake in the verdict in failing to specify the amount due in figures, the appellant was entitled to have a judgment for a return of the goods, as at common law. Gilbert, Repl., 165; 3 Tr. R., 349; 10 S. & R., 206. The motion to complete the verdict should have been sustained. There can be no doubt as to the intention of the jury.

By reference to the record the verdict was amendable. 8 Cow., 623; 3 *Ib.*, 331. No injustice would result from such amendment. 7 How. Pr., 21; 7 Cow., 29; 11 Pick., 125. See, also, 68 Ill., 376; 42 *Ib.*, 457.

*W. B. Walker,* for appellee.

The court could enter no other judgment than the one that was entered. The jury found for Gilleylen on the only uncontested point in the case—namely, the rightfulness of the

attachment.    On every other point, where there was a contest, the verdict was silent.    The effort of Gilleylen was to get the court to do for him what the jury declined to do.    He made no complaint against the verdict, but wished it to stand.    Stewart had no right to complain since he admitted the right to attach, and that ten dollars were due.

*R. E. Houston,* on the same side.

WOODS, J., delivered the opinion of the court.

The verdict of the jury was no verdict, for it made no finding on which judgment could be entered.    No sum was, by the abortive action of the jury, found to be due, as required by § 2125, code 1892.    The jury might have found in favor of the appellant for either of two sums.    They did not find in any sum or for either amount.

According to appellant's theory and evidence, the verdict should have been in his favor for the sum of $180.    According to the appellee's theory and evidence, the verdict should have been for $10.    The delphic response of the jury leaves every man to interpret it as fancy suggests or interest inclines.    It is no verdict, and the case should have been treated as if a mistrial had occurred, as, indeed, was the fact.

*Reversed.*